**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| BLACK POLITICAL EMPOWERMENT PROJECT, POWER INTERFAITH, MAKE THE ROAD PENNSYLVANIA, ONEPA ACTIVISTS UNITED, NEW PA PROJECT EDUCATION FUND, CASA SAN JOSÉ, PITTSBURGH UNITED, LEAGUE OF WOMEN VOTERS OF PENNSYLVANIA, AND COMMON CAUSE PENNSYLVANIA | : : : : : : : : : : | No. 68 MAP 2024<br><br>Appeal from the Order of the Commonwealth Court at No. 283 MD 2024 dated August 30, 2024.<br><br>SUBMITTED: September 4, 2024 |
| v. | : : : : : | |
| AL SCHMIDT, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE COMMONWEALTH, PHILADELPHIA COUNTY BOARD OF ELECTIONS, AND ALLEGHENY COUNTY BOARD OF ELECTIONS | : : : : : : : : : : | |
| APPEAL OF: REPUBLICAN PARTY OF PENNSYLVANIA AND REPUBLICAN NATIONAL COMMITTEE | : : : | |

## ORDER

**PER CURIAM**

    **AND NOW,** this 13th day of September, 2024, the order of the Commonwealth Court is VACATED. The Commonwealth Court lacked subject matter jurisdiction to review the matter given the failure to name the county boards of elections of all 67 counties, and because the joinder of Al Schmidt, in his official capacity as Secretary of the Commonwealth, did not suffice to invoke the Commonwealth Court's original jurisdiction. *See* 42 Pa.C.S. § 761(a)(1); *see also Penn. State Educ. of Ass'n ex rel.*

*Wilson v. Com., Dept. of Comm. and Econ. Dev.*, 50 A.3d 1263, 1277 (Pa. 2012) ("In determining whether a party is indispensable, the basic inquiry remains 'whether justice can be done in the absence of a third party.'"); *Sprague v. Casey*, 550 A.2d 184, 189 (Pa. 1988) ("[U]nless all indispensable parties are made parties to an action, a court is powerless to grant relief. . . . Thus, the absence of such a party goes absolutely to the court's jurisdiction.") (citation omitted). The request for extraordinary jurisdiction pursuant to 42 Pa.C.S. § 726 is DENIED.

Justice Wecht files a dissenting statement in which Chief Justice Todd and Justice Donohue join.